# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JOEL JOSEPH, D.V.M.,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN ABRAMS, DAVID HIGHSMITH, JAMES GILLAN, ROSANNA RABAGO, M. THOMAS NADEAU, and DOES 1–50,<br><br>Defendants. | CIVIL CASE NO. 14-00005<br><br>**ORDER:**<br>**(1) DENYING DEFENDANT ABRAMS'S REQUEST FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT ABRAMS'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; and**<br>**(2) GRANTING PLAINTIFF'S MOTION TO STRIKE** |

On September 28, 2015, Defendant Benjamin Abrams filed a reply (ECF No. 66) to Plaintiff Joel Joseph's response to Defendant Abrams's objection to a report and recommendation by Magistrate Judge Joaquin V.E. Manibusan, Jr., with respect to motions to dismiss by all defendants. In the opening paragraph of the reply, he requested leave to file it. On September 30, Plaintiff moved to strike the reply (ECF No. 67) and filed a supporting memorandum (ECF No. 68); on October 2, Defendant Abrams filed an opposition to the motion to strike (ECF No. 70); and on October 5, Plaintiff filed a reply to the opposition (ECF No. 72).

Neither the Federal Rules of Civil Procedure nor the District of Guam's Civil Local Rules of Practice provide for replies to responses to objections. The federal rules contemplate only written objections and responses to objections. Fed. R. Civ. P. 72(b)(2). Guam's local rules do not vary or expand the federal rule on this point.

In his brief prayer for leave to file a reply, Defendant Abrams asserts that "justice requires it" (Reply 1), but he does not explain why. In the motion to strike, Plaintiff suggests that what

1

Defendant Abrams believes justice requires is that he have the last word. (Mot. to Strike 2.) In his opposition memorandum, Defendant Abrams states that "justice requires a reply because of plaintiff's mischaracterization of the arguments presented in the objection and where the response is itself an invitation to the Court to commit error." (Opp. 2.) He observes that it is not unprecedented for this Court to entertain replies to responses to objections. *See Adkins v. Guam Police Dept.,* Civil No. 09-00029, 2010 WL 3385176 (D. Guam 2010). Furthermore, he asserts that the motion to strike is improper because the federal rules provide only for the striking of pleadings, under Rule 12(f), and his reply is not a pleading.

A district court has discretion to entertain a reply to a response to a Rule 72(b) objection. *See, e.g., EEOC v. TruGreen Ltd Partnership,* 185 F.R.D. 552, 552 (W.D. Wisc. 1998) (allowing reply where opposing party was not prejudiced); *Befitel v. Global Horizons, Inc.,* 461 F. Supp. 2d 1218, 1220 (D. Haw. 2006) (granting leave to file reply for good cause upon motion filed pursuant to Local Rule 74.2). Where the local rules do not expressly permit motions for leave to file a reply, district courts tend to regard them unfavorably. *Alutiiq Int'l Solutions, LLC v. OIC Marianas Ins. Corp.,* 305 F.R.D. 618, 629 (D. Nev. 2015) (denying leave where local rules do not authorize replies and movant did not show good cause); *Lewis v. First American Title Ins. Co.,* 265 F.R.D. 536, 548 (D. Idaho 2010) (granting motion to strike reply where local rules do not provide for replies); *Nolen v. FedEx TechConnect, Inc.,* 971 F. Supp. 2d 694, 699 (W.D. Tenn. 2013) (same).

Defendant Abrams's contention that Plaintiff's motion to strike is improper has no merit. Motions to strike unauthorized filings are routine. *See Lewis* and *Nolen, supra.* The case that Defendant Abrams cites in support of his position, *Sidney-Vinstein v. A-H Robins, Co.,* 697 F.2d 880, 885 (9th Cir. 1983), concerns a motion to strike a postjudgment motion that the federal rules clearly permit. In contrast, neither the federal rules nor this district's local rules provide for replies

to Rule 72(b) motions. It is hardly improper for a party to move the court to take action that the court has the power to take. Moreover, had Defendant Abrams filed a motion for leave to reply, as he should have done before filing an unauthorized reply, Plaintiff could have filed an opposition. By improperly filing the reply without first having obtained the Court's leave, Defendant Abrams left Plaintiff no choice but to move to strike it.

In addition, Defendant Abrams has not shown good cause to permit a reply. It is unremarkable that the parties may feel that each is mischaracterizing the other's arguments and trying to pull the wool over the Court's eyes. Responses and replies have to end somewhere, and under Rule 72(b) they end with each party's response to the other's objections. Between the parties' briefings on Defendant Abrams's motion to dismiss, the magistrate judge's report and recommendation, and the parties' objections and responses, the Court has an ample and sufficient record on which to decide the motion while resisting invitations to commit error.

For these reasons, Plaintiff's motion to strike (ECF No. 68) is GRANTED. Defendant Abrams's request for leave, made in the first paragraph of his Reply to Plaintiff's Response to Defendant Abrams' Objection to Magistrate Judge's Report and Recommendation (ECF No. 66), is DENIED. The Clerk is directed to strike the Reply from the record.

SO ORDERED this 13th day of October, 2015.

/s/ Ramona V. Manglona
RAMONA V. MANGLONA
Chief Judge, District of the Northern
Mariana Islands, sitting by designation