**LUJAN & WOLFF, LLP**
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone: (671) 477-8064

Co-counsel for Plaintiff

**THOMPSON THOMPSON & ALCANTARA, P.C.**
238 Archbishop Flores Street, Suite 801
Hagåtña, Guam 96910
Telephone: (671) 472-2089
Facsimile: (671) 477-5206

Co-counsel for Plaintiff

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JOEL JOSEPH, D.V.M., <br><br> Plaintiff, <br><br> vs. <br><br> BENJAMIN ABRAMS, DAVID HIGHSMITH, JAMES GILLIAN, ROSANNA RABAGO, M. THOMAS NADEAU, AND DOES I THROUGH L, <br><br> Defendants. | CIVIL CASE NO. CV14-00005 <br><br><br> **DECLARATION OF THELMA R. PEREZ** |

I, THELMA R. PEREZ, hereby declare that:

1. I am over 18 years of age, competent to testify, and the facts stated herein are based on my personal knowledge.

2. I am a Court Transcriber for the Superior Court of Guam.

3. I prepared a transcript of the testimony adduced and the other oral proceedings at the evidentiary hearing held on February 20, 2015 in the special proceeding entitled <u>In the Application of the Department of Health and Social Services for Administrative Inspection and Search Warrant of Wise Owl Animal Hospital</u>, Superior Court of Guam Special Proceedings Case No.SP0137-14. The transcript thereof was prepared under my direction and the transcript was a full, true and correct record of such testimony and oral proceedings. The pages attached collectively hereto as "Exhibit 1" are true and correct copies of pages 2-5, 9 and 94.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Hagåtña, Guam, on September 26th, 2016.

_____
**THELMA R. PEREZ**

P161167.MFT

2

THOMPSON THOMPSON
& ALCANTARA, P.C.

JUN 2 3 2016

TIME: 3:45pm
REC'D BY: ____

FILED
SUPERIOR COURT
OF GUAM

2016 JUN 10 AM 10: 45

CLERK OF COURT
BY: ____

IN THE SUPERIOR COURT OF GUAM

IN THE APPLICATION OF
DEPARTMENT OF HEALTH AND
SOCIAL SERVICES FOR
ADMINISTRATIVE INSPECTION AND
SEARCH WARRANT OF WISE OWL
ANIMAL HOSPITAL.

) SUPERIOR COURT NO. SP0137-14
) SUPREME COURT NO. CVA2016-005
)
) REPORTER'S TRANSCRIPT OF
) PROCEEDINGS ON APPEAL
)
) EVIDENTIARY HEARING
)
) February 20, 2015
)
)

BEFORE THE HONORABLE ANITA A SUKOLA
Hagåtña, Guam

APPEARANCES:

THOMPSON THOMPSON & ALCANTARA, P.C.
By: Mitchell F. Thompson
238 Archbishop Flores Street, Suite 801
Hagåtña, Guam 96910
Telephone: 472-2089

OFFICE OF ATTORNEY GENERAL
By: R. Happy Rons
590 S. Marine Corp. Drive Ste. 706
Tamuning, Guam 96913
Telephone: 475-3406

*Thelma R. Perez, Court Transcriber, Superior Court of Guam*

1  THE CLERK: The next matter is *SP0137-14, In the Matter*
2  *of Department of Health and Social Services.*
3  THE COURT: Okay. Good morning, Counsel, Mr. Thompson,
4  Dr. Joseph.
5  MS. RONS: Good morning, Judge.
6  THE COURT: Good morning.
7  MR. THOMPSON: Good morning, Your Honor.
8  THE COURT: We have AG here this morning, and for the
9  record, ma'am, please let us know your name?
10  MS. RONS: Happy Rons, Assistant Attorney General.
11  THE COURT: Good morning, Ms. Rons, for the Government.
12  MS. RONS: Thank you, Judge Sukola.
13  THE COURT: Thank you. This is the first time you've
14  come before our court after so many years, thank you, ma'am.
15  MS. RONS: Thank you.
16  THE COURT: Okay. We're here also this morning for
17  Dr. Joseph is Mr. Joel Thompson.
18      And we're here this morning regarding the release of
19  certain items that were taken from the Wise Owl's office and
20  clinic. And the Court understands as the matters, most of it
21  had been released and we're here today to find out regarding
22  the drugs that Dr. Joseph wants back, but the Government has
23  the position that some of these drugs may not be returned back
24  for whatever reasons, and that's what we're here today for.
25  Okay?

1    Now, before I get into the meat of it, did we get all
2 the files from GPD?
3    MR. THOMPSON: Well, Your Honor, yes and no. I mean the
4 process -- Actually, Dr. Joseph has prepared written summary
5 of the process, but just to summarize that there were certain
6 issues, I mean, for example some of the boxes -- some of the --
7 the number of files that were supposed to be contained in any
8 specific box were different, sometimes there were more files
9 than what was listed in the inventory, sometimes there were
10 less. The cameras had their SD cards deleted. I think some of
11 the cameras were inoperative.
12    Dr. Joseph has prepared a written summary, but I
13 think we can say that the process went as far as we could go
14 because as far as the boxes that the Government had, we
15 received them, it's just there are certain issues as far as
16 what was in the boxes were I think more important than what was
17 not in the boxes.
18    THE COURT: Does the Government have a copy of
19 Dr. Joseph's concerns regarding --
20    MR. THOMPSON: No, Your Honor, actually, Dr. Joseph just
21 provided the summary to me just a few moments ago.
22    THE COURT: Okay. Maybe you can -- we can take care of
23 that. Okay. Thank you. And you can go ahead and get that
24 filed and, hopefully, we can resolve those issues noting
25 that --

1   Ms. Rons, I just want you to know it doesn't seem
2   like we're going to be over with this matter today.
3   MR. THOMPSON:  Yes, Your Honor, and I think -- As I
4   understood it we were to focus on the controlled substances
5   today, and, so, that's why I -- I didn't have Dr. Joseph
6   prepare that summary sooner.
7   THE COURT:  Okay.  No problem.
8   MR. THOMPSON:  I just wasn't sure if he'd be taking that
9   up -- that issue up today as well.
10  THE COURT:  All right.  And, Ms. Rons, the only issue
11  that you'd be arguing on behalf of the People today would be
12  the drug seized, is that correct?
13  MS. RONS:  Your Honor, two issues.
14  THE COURT:  Okay.
15  MS. RONS:  One, the drug seized and the other is a
16  procedural matter.
17  THE COURT:  Yes.
18  MS. RONS:  Before I do that, I would like to, for the
19  record, introduce my representative client; this is
20  Mr. Tom Nadeau from Department of Public Health and Social
21  Services.
22  THE COURT:  Good morning.
23  MR. NADEAU:  Good morning, ma'am.
24  MS. RONS:  I do have one preliminary matter and that is
25  the most expeditious and quickest way to resolve this matter

```
 1  from Public Health's viewpoint is to dismiss this letter --
 2  matter based on lack of jurisdiction.
 3          If the Court will note the pleadings have stamped on
 4  them -- has the case number SP which indicates to me that the
 5  matter was filed as a special proceeding.  I'd like to hand to
 6  opposing counsel and to the Court --  Do I hand it to the
 7  Court?
 8      THE COURT:  You can just go ahead and give it to the
 9  Court, thank you, ma'am.
10      MS. RONS:  Thank you.
11          It's a table of contents from the Guam Code Annotated
12  that sets out what special proceeding matters are.  And as the
13  Court can see by that list, there is no action for return of
14  property seized pursuant to a search warrant; that is not a
15  special proceeding.  As the Court is aware, a search warrant
16  has a specific beginning and ending with the ten-day return for
17  the warrant.  So, a motion for return of property is just not
18  the appropriate process, you have to ask where is the
19  underlying cause of action.
20          Public Health would argue that this matter should
21  have been brought as a common-law action for trover, because
22  that's what it is, they're asking for the return of goods.
23          There's nothing in the rules of civil procedure that
24  would allow for this process, and as the Court knows,
25  jurisdiction can be raised at any time.  And case law in
```

1  MS. RONS: That is *In re Department of Agriculture versus
2  Civil Service Commission, 2009 Guam 19*; and the Westlaw
3  citation is *2009 WL5342060,* decided December 30, 2009.
4  THE COURT: What the Court would do, ma'am, is take your
5  issue; I'm not going to deal with it at this time.
6      I'm just extremely concerned, indeed, that the
7  Government had come in here, and Mr. Rivera did sign this order
8  releasing the other property for Dr. Joseph, but never once did
9  the Court ever hear that it lacked jurisdiction. If, anything,
10 the Court advised both sides that -- it was this Court that
11 issued the bench warrant and if there's any objection to that,
12 you know, tell me or whatever, file something. And, I believe,
13 both sides had no objection and the waivers were filed.
14     Confirm that Mr. Thompson?
15 MR. THOMPSON: Yes, that's correct, Your Honor.
16 THE COURT: All right.
17 MS. RONS: Your Honor, I apologize to the Court.
18 There's been a change of counsel because Mr. Rivera had
19 surgery. I had about one hour to discuss the matter with him,
20 and we are prepared to proceed today.
21 THE COURT: Okay. So, what I can do then is go ahead and
22 go forward by taking your objection or taking your argument
23 that the Court lacks jurisdiction under advisement, and will
24 not issue a decision yet until I fully review the case law that
25 you had advised the Court of, and also the inherent authority

1  THE COURT: Okay. You may -- Can she take a seat?
2  MS. RONS: Yes.
3  THE COURT: Mr. Thompson, can we excuse this witness?
4  MR. THOMPSON: Yes, Your Honor.
5  THE COURT: Thank you, Ms. Rabago. Just give me those,
6  and just leave it there. Thank you.
7  All right. Ms. Rons?
8  MS. RONS: Your Honor, at this time Public Health would
9  move to withdraw this motion to dismiss since we've had the
10 hearing?
11 THE COURT: We can do that, but the -- You're going to
12 withdraw the Court's lack of jurisdiction as you initially had
13 orally argued this morning?
14 MS. RONS: Yes.
15 THE COURT: All right. Very well, so withdrawn.
16 MS. RONS: Thank you.
17 THE COURT: Anything else?
18 MS. RONS: No. Thank you.
19 THE COURT: Mr. Thompson?
20 MR. THOMPSON: Yes, Your Honor, it's just as far would
21 the Court like for us just to summarize our argument?
22 THE COURT: No. This is what I'm going to do. I'm going
23 to ask that you prepare your findings and facts -- proposed
24 findings and facts and conclusions of law. I'm going to ask
25 that this will be all prepared for me by Wednesday.