# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JOEL JOSEPH,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>BENJAMIN ABRAMS, JAMES GILLAN, M. THOMAS NADEAU, and ROSANNA RABAGO,<br><br>　　　　Defendants. | Civil Case No. 1:14-cv-00005<br><br>**DECISION AND ORDER GRANTING DPHSS DEFENDANTS' BILL OF COSTS** |

On August 4, 2021, a jury returned a verdict in favor of all Defendants. (Jury Verdict, ECF No. 294.) Now before the Court is the Guam Department of Public Health & Social Services Defendants James Gillan, M. Thomas Nadeau, and Rosanna Rabago's ("DPHSS Defendants") Bill of Costs, requesting a grand total of $4,858.40. (ECF No. 299.) Plaintiff Dr. Joel Joseph ("Joseph") objects to the Bill of Costs, specifically disputing $1,830.45 (Objections, ECF No. 301), to which Defendants replied (ECF No. 302). Having reviewed the parties' arguments and controlling law, the Court exercises its discretion to decide the matter without oral argument and, for the reasons below, GRANTS the DPHSS Defendants' Bill of Costs and OVERRULES all of Dr. Joseph's objections and request to disallow certain costs.

**I.　　LEGAL STANDARD**

28 U.S.C. § 1920 enumerates a list of taxable costs including transcripts "necessarily obtained for use in the case," fees and disbursement for printing and witnesses, and costs for making copies "where the copies are necessarily obtained for use in the case." 28 U.S.C. §§1920(2), (3), (4).

1

Under Rule 54(d) of the Federal Rules of Civil Procedure, the prevailing party is entitled to costs unless a court rules otherwise. This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). Should it deny costs, the trial court must state its reasons. *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978). The objecting party bears the burden of presenting reasons "sufficiently persuasive to overcome the presumption in favor of an award." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 932 (9th Cir. 2015) (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003)).

"Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the [losing party's] limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014). "This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." *Id.* (internal quotation marks and citation omitted). Misconduct by the prevailing party may also be considered. *Murphy v. Precision Castparts Corp.*, 2021 WL 4524153, at *2 (D. Or. Oct. 4, 2021).

## II. DISCUSSION

Plaintiff Dr. Joseph objects to four particular categories of costs: (1) witness fees for Highsmith and Carandang; (2) research fees for various small claims cases involving Dr. Joseph and Wise Owl Animal Hospital; (3) a trial transcript excerpt of co-defendant Benjamin Abrams' testimony; and (4) copies in response to Dr. Joseph's discovery requests. As discussed below, the Court overrules all four

of Dr. Joseph's objections because these costs were all reasonably necessary for use by the DPHSS Defendants.

**A. Witness Fees**

Dr. Joseph seeks to preclude $90 in costs associated with witnesses Highsmith and Carandang because neither testified. The DPHSS Defendants argue the two witnesses were subpoenaed, ready to testify but did not because "the testimony of Dr. Joseph unfolded differently than anticipated[.]" (Decl. Civille, 2 ¶ 2, ECF No. 303.)

A judge of any court of the United States may tax as costs fees for witnesses. 28 U.S.C. § 1920(3). "To be taxable as costs, the testimony of the witness must be material to an issue tried and reasonably necessary to its disposition." *Harrington v. City of Portland*, 1990 WL 177406, at *3 (D. Or. Nov. 8, 1990) (citing *United Cal Bank v. THC Fin. Corp.*, 557 F.2d 1351, 1359 (9th Cir. 1977). "Although courts do not ordinarily award a witness fee for a witness who does not testify at trial, a court may award such fees if the witness is ready to testify, but extrinsic circumstances rendered the testimony unnecessary." *Id*. (citation omitted); *see* 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 2678 (4th ed. 2021) ("[F]ees have been allowed when an arrangement with the opposing counsel and concessions made in open court ended the need for the witness's testimony." (citing *Wehr v. Burroughs Corp.*, 477 F. Supp. 1012 (E.D. Pa. 1979), *aff'd on other grounds*, 619 F.2d 276 (3d Cir. 1980))).

Here, both Highsmith and Carandang were ready and their testimony were reasonably necessary given the circumstances. First, Highsmith was, at one point, a co-defendant before being dismissed from the case. He was an attorney that worked in the same office as defendant Abrams.

Thus, his participation and relevance to this case was high and it was reasonably expected that he would have been a necessary witness. As for Carandang, he was involved with the planned 2013 audit and the subsequent execution of the administrative warrant at issue; had certain individuals not testified adequately, Carandang would certainly have been a necessary witness. Furthermore, it is the nature of trials that it may veer in unanticipated directions. These witnesses were not so removed from the facts of this case that their participation and presence would not have been reasonably necessary for the trial. The Court therefore grants the DPHSS Defendants' $90 request for the two subpoenas issued as a taxable cost.

B. **Superior Court Small Claims Case Copies**

Dr. Joseph objects to the costs of copies for various small claims cases filed by Wise Owl Animal Hospital in the Guam Superior Court, totaling $672.00.[1] According to him, these copies were not part of an exhibit list and the research was done after the deadline for exhibit lists. "As such, there was no good faith basis to believe that such documents would be used at trial[.]" (Objections 2.) The DPHSS Defendants argue they were to use these copies "to counter his expected testimony that he suffered emotional trauma because of this lawsuit" as "Joseph was accustomed to litigation and routinely made use of the courts[.]" (Decl. Civille 2 ¶ 4.) Essentially, it was for impeachment purposes. However, at trial, because Dr. Joseph did not dispute the large number of small claims complaints he initiated, there was no need to use these documents to impeach him.

---

[1] Civille indicates that the total cost of research is $672.00 (Decl. Civille 3 ¶ 7(j)); Dr. Joseph identified research charges of $512.00 and copy fees of $183.00, which totals $695.00 (ECF No. 301 at 2). Examining the billing submitted by the DPHSS Defendants, the Court agrees with Defendants that $672.00 is the appropriate amount. (*See* ECF No. 300 at 3.)

29 U.S.C. §1920(4) includes as taxable costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The Ninth Circuit adopts "[a] narrow construction of § 1920(4) [which] requires recognition that the circumstances in which a copy will be deemed necessarily obtained . . . will be extremely limited." *Pruitt v. Genetech, Inc.*, 2019 WL 4034480, at *2 (E.D. Cal. Aug. 27, 2019) (citation and internal quotation marks omitted). But it is not so narrow as to "specifically require that the copied document[s] be introduced into the record." *Id*. at *4 (citation and internal quotation marks omitted). Thus, in *Genentech*, the court concluded that the "exhibit list confirms the exhibits were reasonably needed either for [the plaintiff's] case-in-chief or for impeachment purposes." *Id*.

The Court finds that the research performed by the DPHSS Defendants was necessary to refute Dr. Joseph's claim of emotional damages due to this litigation. That Dr. Joseph filed nearly a hundred small claims court cases is not the DPHSS Defendants' doing, but rather Dr. Joseph's doing. The quantity of cases reveals that Dr. Joseph was no stranger to litigation. Furthermore, working with the Guam Superior Court to acquire this information was the only means for the DPHSS Defendants to obtain this discovery to refute Dr. Joseph's claim.

The cases relied on by Plaintiff are not applicable here. First, in *Washington State Dep't of Transportation v. Washington Natural Gas Co.*, the Ninth Circuit simply stated that the district court did not abuse its discretion in denying costs for depositions not used at trial. 59 F.3d 793 (9th Cir. 1995). No other information is given to explain the district court's reasoning. In *Green Const. Co. v. Kansas Power & Light Co.*, the district court simply held that the plaintiff had "not made the requisite

showing that any of the copies were necessarily obtained for use at trial." 153 F.R.D. 670, 682 (D. Kansas 1994).

Here, the DPHSS Defendants make clear their intended use of these documents—to impeach Dr. Joseph if necessary and as originally anticipated. Furthermore, although the circumstances for allowing costs for copies are limited, it is not so narrow as to "specifically require that the copied document[s] be introduced into the record to be an allowable cost." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 927 (citation and internal quotation marks omitted). Accordingly, the Court grants the DPHSS Defendants' total research and copy costs of $672.00.

### C. Trial Transcript

Dr. Joseph argues that because the $54.45 trial transcript of Abrams was not used at trial, it should not be permitted as taxable costs. (See Billing 1, ECF No. 299-1 and 299-6 (identifying Abrams' trial transcript costs).) The DPHSS Defendants maintain that the transcript "was used by Defendant to prepare for cross-examination of Abrams on the critical question of whether Abrams had advised the DPHSS Defendants not to release [Dr. Joseph's] CSR. This was integral to the DPHSS Defendants' defense that they had reasonably relied on the advice of counsel." (Decl. Civille 3 ¶¶ 7-8.) The excerpt transcribed would reveal Abrams' admission that he did in fact give the DPHSS Defendants the advice not to release Dr. Joseph's controlled substances registration certificate. Thus, "the DPHSS Defendants wanted a transcript for use in cross examination and to be able to read Abram's admissions verbatim during closing argument if he vacillated during his testimony." (*Id*. at ¶ 9.)

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case"

may be taxed. 28 U.S.C. §1920(2). "Whether a transcript or deposition is necessary must be determined in light of the facts known at the time the expense was incurred." *Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*, 2020 WL 5819752, at *8 (S.D. Cal. Sept. 30, 2020) (citation and internal quotation marks omitted).

The DPHSS Defendants submitted sufficient reasoning to establish that the excerpted trial transcript was reasonably necessary at the time it was requested. Here, Benjamin Abrams is a co-defendant who had an adverse position to the DPHSS Defendants, namely, whether he advised them to withhold Dr. Joseph's controlled substances registration certificate. Thus, critical to the DPHSS Defendants' defense at trial was their reliance on the advice of counsel, former Assistant Attorney General Benjamin Abrams. It was therefore reasonably necessary for the DPHSS Defendants to possess Defendant Abrams' admission that he gave particular legal advice to the DPHSS Defendants. Based on these facts, the Court finds that the relatively nominal costs of a $54.45 transcript was reasonably necessary for use in this case and grants the costs.

Dr. Joseph's reliance on the Seventh Circuit's decision in *McIlveen* misses the mark. There, the Circuit court affirmed the district court's denial of the transcript costs where the district court found the "only use of the three-day trial transcription was to verify witness credibility." *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (internal citation omitted). At first blush, the cases seem similar inasmuch as the transcripts are requested for the purposes of holding the witness accountable. However, in *McIlveen*, there is no indication that the testimony requested was central to the defendants' case—as it is here. Defendants wanted to use Abrams's limited trial testimony during Plaintiff's direct examination of him to prepare for cross-examination of Abrams on the critical

7

questions of whether Abrams had advised the DPHSS Defendants not to release Plaintiff's controlled substances registration. This was integral to the DPHSS Defendants' defense that they had reasonably relied on the advice of counsel. Abrams's trial testimony was not elicited during his deposition. For these reasons, the Court overrules Plaintiff's objection to DPHSS Defendants' claim for transcript costs.[2]

### D. Discovery

Finally at issue are the costs of discovery copies produced by the DPHSS Defendants to Dr. Joseph, totaling $941.25.[3] (ECF No. 299-1 at 1.) Dr. Joseph disputes these costs, arguing that the DPHSS Defendants did not produce hard copies of discovery to him. The DPHSS Defendants assert that the discovery produced, albeit ultimately in electronic format, "were taken from a variety of sources, including original files, hard copies belonging to DPHSS and electronically stored documents. As part of the discovery process, and to organize all the documents, hard copies of the discovery documents were made, then scanned and bates stamped." (Decl. Civille 4 ¶ 10.)

"Copying costs for documents produced to opposing parties in discovery . . . are recoverable." *Rojas v. Zaninovich*, 2015 WL 3657172, at *32 (E.D. Cal. June 11, 2015) (citation and internal quotation marks omitted). "The faithful production of electronically stored information may require processes such as optical character recognition (which renders material text-searchable), preservation

---

[2] Dr. Joseph also relies on *La Loma Grande LLC v. United States,* 2017 WL 6061610 (D. Ariz. Mar. 7, 2017). However, that case is completely inapposite because there, costs were denied based on a local rule. *Id*. at *5.

[3] Dr. Joseph asserts that the total cost is $991.00 (ECF No. 301 at 3), but that figure is nowhere to be found.

of metadata, and conversion to a non-editable file format." *In re Online DVD-Rental Antitrust Litigation,* 779 F.3d at 927. In the *Antitrust Litigation* case, the Ninth Circuit followed the Federal Circuit which held that

> [t]o the extent that a party is obligated to produce (or obligated to accept) electronic documents in a particular format or with particular characteristics intact (such as metadata, color, motion, or manipulability), the costs to make duplicates in such a format or with such characteristics preserved are recoverable as "the costs of making copies … necessarily obtained for use in the case." 28 U.S.C. 1920(4).

779 F.3d at 928 (citing *CBT Flint Partners, LLC v. Return Path, Inc.,* 737 F.3d 1320, 1328 (Fed. Cir. 2013)). The Ninth Circuit concluded that "[w]hen copies are made in a fashion necessary to comply with obligations such as these, costs are taxable so long as the copies also 'necessarily obtained for use in the case.'" *Id*. Here, the DPHSS Defendants took measures to carefully compile and organize the documents in response to Dr. Joseph's discovery requests. Furthermore, the Court required all document exhibits to be introduced at trial to have optical character recognition (OCR) in order to use the Court's jury electronic evidence presentation (JEEP) system during deliberation.

Dr. Joseph's reliance on *Rodriguez* and *Goluba* is misplaced. In *Rodriguez*, the district court declined to award copying costs totaling over $20,000.00 because it was "struck by the extraordinary difference between exhibits listed by [defendant] and exhibits actually referred to at trial." *Rodriguez v. Gen. Dynamics Armament and Tech. Prods., Inc*., 775 F. Supp. 2d 1217, 1221 (D. Haw. 2011). The court's rejection was based on the fact that the defendant made copies for themselves that they themselves did not use. Similarly, in *Goluba*, the district court did not award costs because the copies were prepared by counsel for their own use. *Goluba v. Brunswick Corp*., 139 F.R.D. 652, 655 (E.D. Wis. 1991). By contrast, here, the DPHSS Defendants did not make copies of documents for discovery

they necessarily needed, but for discovery Dr. Joseph requested. With this explanation, the DPHSS Defendants have sufficiently established why the $941.25 in discovery copies was reasonable and necessary, and so the costs are granted and Plaintiff's objection is overruled.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the DPHSS Defendants' Bill of Costs (ECF No. 299) in its entirety in the amount of $4,858.40, and Plaintiff Dr. Joseph's objections (ECF No. 301) are overruled. The Clerk is directed to enter the Taxation of the Bill of Costs accordingly.

IT IS SO ORDERED this 13th day of December, 2021.

RAMONA V. MANGLONA
Designated Judge